United States Courts
Southern District of Texas
FILED

DEC - 3 2012

David J. Bradley, Clerk of Court

RECEIVED
COURT OF CRIMINAL APPEALS
[stamp illegible]
Louise Pearson, Clerk

COURT OF CRIMINAL APPEALS OF TEXAS
APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The clerk of the trial court in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the form has been downloaded and the questions have been renumbered or omitted, your entire application will be returned as non-compliant. If your application is returned as non-compliant, the clerk of the trial court will write a note of the defect on your application and return the form to you without filing it.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. You may use additional pages only if you need them for item 17, the facts supporting your ground for relief. Do not attach any additional pages for any other item 17.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17.

7. Do not cite cases or other law in this application form. Do not make legal arguments in this form. Legal citations and arguments may be made in a separate memorandum.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the clerk of the convicting district court. Keep a copy of the application for your records.

10. You must notify the clerk of the convicting district court of any change in address after you have filed your application.

Revised: September 1, 2011

ATC-11.07

Case No. _____
(The Clerk of the convicting court will fill this line in.)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _Wyatt Busby_____

DATE OF BIRTH: _May 5-21-1984_____
PLACE OF CONFINEMENT: _Coffield unit_____

TDCJ-CID NUMBER: _1606893_  SID NUMBER: _____

(1) This application concerns (check all that apply):

- ☐ a conviction
- ☒ a sentence
- ☐ time credit
- ☐ parole
- ☒ mandatory supervision
- ☒ out-of-time appeal or petition for discretionary review

(2) What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)
_Harris County district court of Houston_

(3) What was the case number in the trial court?

_____

(4) What was the name of the trial judge?

_____

1

Revised: September 1, 2011  ATC-11.07

(5)   Were you represented by counsel? If yes, provide the attorney's name:

_____

(6)   What was the date that the judgment was entered?

_November, 26 2009_____

(7)   For what offense were you convicted and what was the sentence?

_Assault with an weapon  5 year of an unfair tail_

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_Assault X2  3-15-2003 to 2007_____

_Assault with an weapon  11-20-2008 to 2013_

(9)   What was the plea you entered? (Check one.)

☐ guilty-open plea          ☒ guilty-plea bargain
☐ not guilty                ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10)  What kind of trial did you have?

☒ no jury                   ☐ jury for guilt and punishment

☐ jury for guilt, judge for punishment

(11)  Did you testify at trial? If yes, at what phase of the trial did you testify?

_No unfair Speedy trail_____

(12)  Did you appeal from the judgment of conviction?

☐ yes                       ☒ no

2

Revised: September 1, 2011                                              ATC-11.07

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? _____

(B) What was the case number? _____

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:
_____

(D) What was the decision and the date of the decision? _____

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes    ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? _____

(B) What was the decision and the date of the decision? _____

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes    ☒ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? _____

(B) What was the decision and the date of the decision? _____

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

3

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☒ yes   ☐ no

If you answered yes, please provide the name of the court and the case number:

Travis County Supreme Court of Huston

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☒ yes   ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? __8-1-12__

(B) Did you receive a decision and, if yes, what was the date of the decision?

No

If you answered no, please explain why you have not submitted your claim:

of T.D.C.J requirement to recive a decision of an statement.

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:** Goree unit in Huntsville, state law library an Supreme Court Building; jurisdictional

**FACTS SUPPORTING GROUND ONE:** Texas Department of Criminal justice Act of Citizenship, an Custom Enforcement of naturalization Act, of 4-24-1996 an Sign by the president on 9-30-1996 The - Anti-Terroris an Effective death penalty an the Illegal Immigration Reform, an Responsibility Act

Plae of acility are very limited; Therefor, it waive all non-jurisdictional defects of district Court. For example an indictment, The district Court would be able to Challenge an indictment if it did not charge the offenes under State laws. The fundamentals attempted to design laws, of the Criminal justice system practice for the citizen of beins unjustly accuse of, are imprison for a Crime of. I been assault an Harrasted in T.D.C.J

6

**GROUND TWO:** Voluntar plae of guilty only the jurisdiction, are power of the Court; Trail attorney

**FACTS SUPPORTING GROUND TWO:** Of the lawyer stated takeing the case to trail. I'm looking at 5 to 99 1 degree felony an second assault. To find out why the victem ant press charger the lawyer stated the state of texas pick up the charges an evidence against me. of agreeing to an speedy trail, an trail by no jury, an a plae of guilt the 5 year agreeded by the defense an distict attorney of truncins in the agreement, the judge found me guilty of no procedure of trail

of my Court appointed lawyer statment the parole an Appael set my Quest

Revised: September 1, 2011    ATC-11.07

**GROUND THREE:** Sources of law are document where the law come from; on most issues

**FACTS SUPPORTING GROUND THREE:** Trail by no jury can be waive allow it to be determine by an jury where it is determine that the judge may be more sympathetic; Therefor, the judge decision still stand in suggest of the jury Speedy trail Act has been held unconstitutional of 1987; Therefor no general ideals to an 5 year agreement of the district attorney an defense attorney for me to sign of agreement I been convicted of an unfair trail.

8

Revised: September 1, 2011

ATC-11.07

**GROUND FOUR:**

**FACTS SUPPORTING GROUND FOUR:** I admitted of my action had been were. I agreed to place guilty, of my Innocent of an 911 call of an oppointunity to my defenes. The action of a speedy trail got the best of my knowledge I complaint of an unfair trail. That november 2009 speedy trail, of no jury to an 5 year agreement. Had been hel of an judge, Clerk an defense attorney an me the defendant had been arined for trail guilt decision. To the knowledge of my Court appointed lawyer action of sign paper of my agreement for an lawyer. The judge she found me guilty an agreeded to the 5 year Convicted me to T.D.C.J prison; The Court appointed lawyer failed to set trail for me of the right to question an Cross-examine withness an to bring forth issuse of my Innocent

Revised: September 1, 2011

ATC-11.07

GROUND: United state law of right been read to proced to court of an statement

FACTS SUPPORTING GROUND: I think he had sexaul assault me.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

Revised: September 1, 2011

ATC-11.07

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

## OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_Wyatt Bosby_, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_Wyatt Bosby_
Signature of Applicant / (Petitioner) (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _10_ DAY OF _Sept_, 20_12_

_____
Signature of Notary Public

11

Revised: September 1, 2011

ATC-11.07

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _Wyatt Busby_, am the applicant / petitioner (circle one) and being presently incarcerated in _T.D.C.J_, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _7 September_, 20_12_.

_Wyatt Busby_
Signature of Applicant / Petitioner (circle one)

12

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on *September 10*, 20 *12*.

_____
Signature of Petitioner

Revised: September 1, 2011                                                                                     ATC-11.07



Wyatt Busby / 1606893
2661, FM 2054, Lot field unit
Tennessee Colony, 75884

Clerk of the United State
District of Southern
P.O. Box 61010
Houston, Texas, 77208

1-2 does

FILED
DEC 03 2012
David J. Bradley, Clerk of Court